791 F.2d 932
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
LILLIAN E. DEHATE, Plaintiff-Appellant
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 85-1110
 United States Court of Appeals, Sixth Circuit.
 4/2/86
 
 AFFIRMED
 E.D.Mich.
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
 Before: LIVELY, Chef Judge; MERRITT and NELSON, Circuit Judges.
 MERRITT, Circuit Judge.
 
 
 1
 Plaintiff Lillian DeHate appeals the decision of the Secretary of Health and Human Services denying her Social Security disability benefits. Finding that the Administrative Law Judge's decision was inconsistent and unsupported by substantial evidence, we reverse, and remand with instructions to award benefits.
 
 
 2
 Lillian DeHate is a female, aged 58. From August 3, 1963 until November 11, 1979 she was employed as a rural mail carrier for the United States Postal Service. During her last year of employment severe pain in her back, neck, chest and leg forced her to miss work frequently, and then to quit when her accumulated sick leave had been exhausted. Several physicians, whose reports were not controverted by any evidence presented below, found that she suffered from a variety of problems, including phlebitis and chronic venous insufficiency in her legs, diabetes, cardiovascular disease and hypertension, chronic angina pectoris, and arthritis causing limited motion in the neck and back.
 
 
 3
 DeHate's application for disability benefits was denied, and a hearing was had before an Administrative Law Judge, Patrick B. Kimberlin, III.
 
 
 4
 After hearing testimony from Ms. DeHate and from a vocational expert, the ALJ denied benefits. In so doing, he found that she was 'unable to perform her past . . . work as a rural mail carrier,' and that she had a 'severe impairment,' but nonetheless found her capable of light work.
 
 
 5
 All of the medical evidence in the record supported Ms. DeHate's claims of pain, of limited ability to perform basic activities and of actually suffering from the medical problems that she claimed. Although an Administrative Law Judge's findings are entitled to substantial deference from the reviewing court, and must be upheld if supported by substantial evidence, Kirk v. Secretary, 667 F.2d 524 (6th Cir. 1981), 42 U.S.C. Sec. 405(g), the ALJ's decision to deny benefits was not only lacking in such support but actually inconsistent with the medical evidence presented and with other findings by the ALJ.
 
 
 6
 Uncontroverted evidence supporting the claimant's position is deemed binding on the ALJ. Lashley v. Secretary, 708 F.2d 1048 (6th Cir. 1983). Furthermore, in the instant case all of the evidence came from treating physicians, and the expert opinions of treating physicians are binding on the ALJ unless contradicted by substantial evidence to the contrary. Bastien v. Califano, 572 F.2d 908 (2d Cir. 1978). The ALJ thus erred in discrediting Ms. DeHate's claims of pain and limited ability to perform basic activities.
 
 
 7
 Furthermore, the ALJ's findings are internally inconsistent. He specifically found that '[t]he claimant is unable to perform her past relevant work as a rural mail carrier,' but nonetheless found that 'the claimant has the residual capacity to perform light work,' and was thus not disabled. Claimant's past job as a rural mail carrier, according to testimony at the hearing, was 'light' work, see 20 C.F.R. Sec. 404.1567(b) (light work involves lifting no more than 20 lbs. at a time, with frequent lifting of objects weighing up to 10 lbs.). The ALJ did not articulate any rationale for this inconsistency, nor is one apparent. Because of the remedial nature of the Social Security Act, and the special responsibility of the Secretary in administering it, the ALJ is under a duty to take an individualized approach, explicitly noting the jobs that the claimant can perform and why he or she is capable of performing them. Lashley v. Secretary, supra; Decker v. Harris, 647 F.2d 291 (2d Cir. 1981).
 
 
 8
 As the ALJ failed to take such an individual approach,[1] and as his findings were inconsistent and against the uncontroverted medical evidence, the decision of the Secretary is reversed, and the case remanded with instructions to award the benefits sought.
 
 
 9
 DAVID A. NELSON, Circuit Judge, dissenting.
 
 
 10
 Because I could find no fatal inconsistencies in the administrative law judge's decision, and not having found in the record any uncontroverted opinions of treating physicians that would require an award of benefits if the factual findings the administrative law judge was competent to make are accepted as correct, I respectfully dissent.
 
 
 11
 The work that the claimant performed in the past as a rural mail carrier would doubtless be called 'light work' in common parlance, but the record supports the conclusion that the work was not 'light' within the meaning of that term as used in the pertinent regulation. The regulation states that '[l]ight work involves lifting no more than 20 pounds at a time . . ..' 20 C.F.R. Sec. 404.1567(b). The claimant testified that she had to lift things as heavy as twenty-five pounds without help, and a 'vocational expert' testified without contradiction that the job was 'medium' in terms of physical demand. I see no internal inconsistency between a finding that the claimant could not perform 'medium' work as a rural mail carrier and a finding that she still had the capacity to perform 'light' work.
 
 
 12
 The record establishes that the claimant could not sit or stand for prolonged periods without interruption, but the vocational expert testified that there are 20,000 'light work' jobs in Michigan in which the worker can sit or stand at his option. Dr. Jennings, the primary treating physician, does not seem to have suggested that the claimant is unable to perform light work. Dr. Jennings opined that the claimant's hypertension and diabetes are under control, and he said he had put the claimant on a walking exercise program and had familiarized her with the treatment of minor flare-ups of phlebitis. He also said he had her on a strict diet. I found no indication that Dr. Jennings' treatment would interfere with the claimant's ability to work.
 
 
 13
 The degree of pain that the claimant suffers is obviously subjective, and the administrative law judge did not believe that her pain was so severe as to be disabling. The decision of the administrative law judge on a question of this sort is entitled, I believe, to special deference because of the ALJ's opportunity to observe the demeanor of the witness. See Houston v. Secretary of HHS, 736 F.2d 365, 367 (6th Cir. 1984).
 
 
 14
 Looking at the evidence as a whole, evaluating it in the light of Rule 202.13 in Table No. 2 of the 'grid' set forth in Appendix 2 of 20 C.F.R. Part 404, Subpart P, and giving the ALJ's factual findings the deference to which they are entitled,[2] I believe that the trial court was correct in granting summary judgment for the Secretary. The judgment of the trial court was supported by a thorough and well-reasoned Magistrate's Report and Recommendation, and I would have affirmed the judgment denying benefits.
 
 
 
 [1]
 Indeed, far from being individualized, the ALJ's opinion sometimes refers to Ms. DeHate as 'him.'
 
 
 [2]
 That the ALJ is an indifferent proofreader (a failing many of us share, unfortunately,) and has a secretary who, like Homer himself, occasionally nods--the claimant is referred to with feminine pronouns approximately 107 times in the ALJ's decision and male pronouns twice--may suggest a need for somewhat greater care in performance of the literary side of the ALJ's job, but does not, I think, permit us to disregard the ALJ's factual findings